UNITED STATES DISTRICT COURT<br>
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PHILLIP E. JAROS, | |
|     Plaintiff, | |
|     v. | Case No. 11-cv-168-JPG |
| ILLINOIS DEPARTMENT OF CORRECTIONS, | |
|     Defendant. | |

<b><u>MEMORANDUM AND ORDER</u></b>

This matter comes before the Court on remand from the United States Court of Appeals for the Seventh Circuit (Doc. 30). *See Jaros v. Illinois Dep't of Corr.*, No. 11-2567, 2012 WL 2552125 (7th Cir. July 3, 2012). Pursuant to directions in the mandate, the Court recognizes the Illinois Department of Corrections ("IDOC") as the only remaining defendant in the case, *see id.* at *5, n. 2, and identifies the following claims that remain in this lawsuit on remand:

- Count 4: a claim against IDOC under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, for failure to accommodate his physical impairments by placing him in an ADA-compliant facility; and

- Count 5: a claim against IDOC under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, for intentional discrimination by refusing to consider him for a work-release program because he walks with a cane.

The Court of Appeals affirmed the disposition of the other claims in this case brought under 42 U.S.C. § 1983, *Jaros*, 2012 WL 2552125 at *3, which were not included in the remand and are therefore no longer before this Court. All other defendants remain terminated.

In light of the fact that IDOC has not been served, **IT IS ORDERED** that the Clerk of Court shall prepare for defendant **ILLINOIS DEPARTMENT OF CORRECTIONS** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint,

and this Memorandum and Order to the Director of IDOC, S.A. Godinez, 1301 Concordia Court, P.O. Box. 19277, Springfield, IL 62794.  If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the plaintiff shall serve upon the defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on the defendants or counsel.  If the plaintiff is incarcerated in a correctional facility that participates in the Electronic Filing Program, service may be made in accordance with General Order 2010-1 describing service under that program.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

The defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, the plaintiff is **ADVISED** that he is under a continuing obligation to keep the

Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**
**DATED:  August 1, 2012**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**